■ LARRY S. DEAN, Individually and as Parent and Natural Guardian of STEPHANIE L. DEAN, an Infant, Respondent, v GLENS FALLS COUNTRY CLUB, INC., Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 1, 1990 in Warren County, which, inter alia, denied

defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries sustained by his daughter, Stephanie, in a tobogganing accident which occurred on property owned by defendant. The complaint alleges ordinary negligence on defendant's part in permitting a dangerous and defective condition to exist. Defendant's third affirmative defense alleges immunity from liability by virtue of General Obligations Law § 9-103 (1) (a) which provides, as is relevant to this action, that "an owner * * * of premises * * * owes no duty to keep the premises safe for * * * use by others for * * * tobogganing * * * or to give warning of any hazardous condition * * * on such premises to persons entering for such purpose[]". Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment dismissing the third affirmative defense. Supreme Court denied defendant's motion and granted plaintiff's cross motion. Defendant appeals.

We reverse. The uncontroverted evidence adduced on the motion is that defendant, an incorporated country club, owns a large tract of land in Warren County, a portion of which is improved and maintained as a golf course for the seasonal use of its private members. In the winter months, when the golf course is covered with snow and ice, it is regularly used by the public for cross-country skiing, sledding and tobogganing. Defendant neither encourages nor discourages this off-season use of the golf course and does not inspect or maintain the property, advertise its availability, or receive any fees or other consideration in connection with these off-season activities. By all accounts, hilly areas of the golf course are well suited for sledding and tobogganing, attracting as many as 80 participants at a time. Finally, there is no question that Stephanie entered the property for the express purpose of tobogganing and sustained her injuries while engaged in that activity.

In our view, the evidence places this pursuit squarely within the legislative purpose in enacting General Obligations Law § 9-103, "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities" (Ferres v City of New Rochelle, 68 NY2d 446, 451; see, Iannotti v Consolidated Rail Corp., 74 NY2d 39, 43). The contention that the statute is not intended to operate in cases involving "developed" or "commercially used" property was specifically addressed and rejected by the Court of Appeals in Iannotti v Consolidated Rail Corp. (supra). Rather, the appropriate in-

quiries are whether the property is (1) physically conducive to the particular activity, here tobogganing, and (2) of a type which would be appropriate for public use in pursuing that activity as recreation *(supra,* at 45), both clearly answered in the affirmative in this case. As recognized in *Iannotti,* "an open hill in an urban or suburban setting * * * could be an ideal place for sledding" *(supra,* at 45; *see, Gruber v Fairport Cent. School Dist.,* 147 Misc 2d 545, 549-550).

Nor are we persuaded by plaintiff's reliance upon *Ferres v City of New Rochelle (supra),* which denied immunity to a municipality in its use and operation of a supervised facility for use by the public *(see, supra,* at 453). The purpose and intended use of defendant's property as a private golf course, although a recreational use, is entirely different from its public use during the winter months *(cf., Ferres v City of New Rochelle, supra; see, Gruber v Fairport Cent. School Dist., supra,* at 548-549). The two uses are, in fact, mutually exclusive. Thus, it cannot be argued that the statutory inducement to open lands for recreational use would be unnecessary in this case *(see, Iannotti v Consolidated Rail Corp., supra,* at 43-44; *Ferres v City of New Rochelle, supra,* at 452).

Order reversed, on the law, without costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.