■ STEPHAN JACOBS, Appellant, v NORTHEASTERN INDUSTRIAL PARK, INC., et al., Respondents.—In consolidated negligence actions to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated August 7, 1989, which granted a motion by the defendant Northeastern Industrial Park, Inc., for summary judgment dismissing the consolidated actions in their entirety.

Ordered that the order is affirmed, with costs.

The plaintiff sustained personal injuries after he fell from his motorbike while riding on property owned by the defendant Northeastern Industrial Park, Inc. (hereinafter Northeastern). The defendant Francesco Galesi is the president and chairman of the board of the defendant corporation. The property in question consisted of 396 acres of woods and open fields in Southampton, which had been used as an area for

motorbike riding, hunting and fishing for many years. A few months prior to the accident, the defendants had hired a general contractor to perform excavations of the drainage system existing on the property and to repair it. Prior to the accident, the contractor had begun digging ditches on the property.

Upon the motion of the defendant Northeastern for summary judgment on the ground that liability was barred by General Obligations Law § 9-103, the Supreme Court dismissed the consolidated actions. We affirm.

General Obligations Law § 9-103 exempts landowners who permit their property to be used for certain specified recreational activities, including the use of motorized vehicles, from liability for injuries sustained on the property unless, *inter alia,* there is a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103; *see, Ferres v City of New Rochelle,* 68 NY2d 446, 450; *Baisley v State of New York,* 163 AD2d 502). "[T]he sole purpose of the statute was 'to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities' " *(Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 43, quoting *Ferres v City of New Rochelle, supra,* at 451). The extensive protection from liability conferred by General Obligations Law § 9-103 is the *quid pro quo* which the statute offers to property owners to induce them to open their lands for recreational use *(Iannotti v Consolidated Rail Corp., supra,* at 43).

In determining whether General Obligations Law § 9-103 applies to certain property, the test set out by the Court of Appeals is whether the property is a type which is "not only physically conducive to the particular activity or sport but * * * would [also] be appropriate for public use in pursuing the activity as recreation" *(Iannotti v Consolidated Rail Corp., supra,* at 45; *see, Dean v Glens Falls Country Club,* 170 AD2d 798, 800).

Since the operation of a motorized vehicle is a specifically enumerated activity to which General Obligations Law § 9-103 applies, and the property in question had been used for many years as an area for motorbike riding, the property was clearly physically conducive to such an activity. Moreover, the property was appropriate for the public pursuit of this activity, since the land was only minimally developed and the property had not been designated for any other particular use. The public use of this property is consistent with the statutory

purpose of General Obligations Law § 9-103 to induce landowners to open their land for recreational activities (see, *Obenauer v Broome County Beaver Lake Cottagers Assn.*, 170 AD2d 739; *Fenton v Consolidated Edison Co.*, 165 AD2d 121).

Moreover, the plaintiff did not allege that the defendants willfully or maliciously failed to guard or to warn against a dangerous condition on the property. Accordingly, summary judgment was properly granted to the corporate defendant, which owned the subject property. We also note that pursuant to CPLR 3212 (b), a court is empowered, upon a motion for summary judgment, to search the record and award judgment where appropriate, even to a nonmoving party (see, *Grimaldi v Pagan*, 135 AD2d 496; see also, *Coleman v Village of Head of Harbor*, 163 AD2d 456, 458). Therefore, summary judgment was properly granted to Francesco Galesi. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.