■ EVAN WIGGS, an Infant, by WILLIAM L. WIGGS, His Parent and Natural Guardian, Plaintiff-Respondent, v JAMES PANZER et al., Defendants-Respondents, and HOWARD MANNING, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Howard Manning appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered October 3, 1990, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him and any cross claims against him.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs, the motion is granted, the complaint and any cross claims are dismissed insofar as they are asserted against the defendant Howard Manning, and the action against the remaining defendants is severed.

The plaintiff, 11-year-old Evan Wiggs, sustained facial injuries when he fell while riding a bicycle on a make-shift jumping course constructed by neighborhood children on the appellant's land. The appellant's property, a 60-by-100 foot vacant lot located in the residential area of Rocky Point, Suffolk County, had allegedly been used by children from Rocky Point and surrounding areas as a bicycle racing and jumping site for nearly a year prior to the plaintiff's accident. The appellant never made any improvements on the land during the approximately 45 years he owned it and had not visited the lot for approximately seven years prior to the

plaintiff's accident. On appeal, the appellant claims that the Supreme Court should have granted his motion for summary judgment, because the claim against him is barred by General Obligations Law § 9-103. We agree.

"General Obligations Law § 9-103 exempts landowners who permit their property to be used for certain specified recreational activities, including [bicycle riding], from liability * * * unless, *inter alia,* there is a 'willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity' " *(Jacobs v Northeastern Indus. Park,* 181 AD2d 720, 721, quoting from General Obligations Law § 9-103; *see, Ferres v City of New Rochelle,* 68 NY2d 446, 450; *Baisley v State of New York,* 163 AD2d 502). This exemption from liability furthers the purpose of the statute, which is " 'to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities' " *(Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 43, quoting from *Ferres v City of New Rochelle, supra,* at 451; *see, Jacobs v Northeastern Indus. Park, supra,* at 721). Such protection is "the *quid pro quo* which the statute offers to property owners to induce them to open their lands for recreational use" *(Iannotti v Consolidated Rail Corp., supra,* at 43; *see, Jacobs v Northeastern Indus. Park, supra,* at 721).

In order to apply General Obligations Law § 9-103, a parcel of property must be "not only physically conducive to the particular activity * * * but [must also be of] a type which would be appropriate for public use in pursuing the activity as recreation" *(Iannotti v Consolidated Rail Corp., supra,* at 45; *Jacobs v Northeastern Indus. Park, supra,* at 721). In the instant case, the appellant's property was clearly appropriate and physically conducive for the neighborhood children's bicycle racing and jumping activities. Bicycle riding is an activity specifically enumerated in General Obligations Law § 9-103. The lot was undeveloped and had not been designated for any other particular use *(Jacobs v Northeastern Indus. Park,* 181 AD2d 720, *supra).* Moreover, the neighborhood children frequently used the track for nearly a year without incident prior to the plaintiff's accident. The location of the appellant's property in a developed, residential area rather than an undeveloped wilderness area does not preclude its suitability for recreational use and render General Obligations Law § 9-103 inapplicable. That trees were present near the bicycle jumping course did not render the appellant's lot unsuitable for bicycle riding *(see, Iannotti v Consolidated Rail Corp.,* 74

NY2d 39, *supra,* at 49 [Wachtler, Ch. J., concurring]), as "[t]he presence of a dangerous condition * * * has never been adopted as the test for suitability or appropriateness" *(Fenton v Consolidated Edison Co.,* 165 AD2d 121, 126).

As the plaintiff does not claim that the appellant willfully or maliciously failed to guard or to warn against a dangerous condition on his property, General Obligations Law § 9-103 bars the claims against the appellant *(see, Jacobs v Northeastern Indus. Park,* 181 AD2d 720, *supra).* Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.