■ GARRETT M. BELLONE et al., Appellants, v J.R. SHOOTING PRESERVE, INC., et al., Respondents, et al., Defendant. [597 NYS2d 78] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated February 28, 1991, which granted the motion of the defendant Frieda Bobach for summary judgment dismissing the complaint and all cross claims against her.

Ordered that the order is affirmed, with costs to the respondent Frieda Bobach.

According to the complaint, the plaintiff Garrett M. Bellone was accidentally shot by the defendant Stefanos Demales while both men were hunting in Greene County, New York. The complaint alleges that Mr. Bellone, Mr. Demales and other members of their hunting party had paid the "defendants Nelson and/or J.R. Hunting Preserve, Inc. * * * to act as a hunting guide". The allegations of the complaint are ambivalent with respect to the ownership of the property where the accident occurred. The defendants Frieda Bobach and Charles Reese are both allegedly owners of the property. There is no allegation in the complaint that either one of the plaintiffs, or anyone else, paid Bobach for the privilege of hunting on what is alleged to be her property.

Bobach made a motion for summary judgment, asserting that she did not own the property where the accident occurred. She also averred, in support of this motion, that "[a]t no time have I received any money or other consideration from [defendant] Nelson, or anyone on their behalf". The defendant Nelson, president of defendant J.R. Shooting Preserve, Inc., also submitted an affidavit in support of the motion, in which he stated, "neither I nor J.R. Shooting Preserve, Inc. paid Mrs. Bobach any money or gave her any consideration or remuneration for her agreement to allow a portion of her land to be used for hunting purposes".

The statements made by Bobach and Nelson were not contradicted by any of the evidence submitted by the plaintiffs in opposition to the motion. Considering this circumstance, and all the other evidence contained in the record, we conclude that Bobach demonstrated her entitlement to summary judgment on her affirmative defense based on General Obligations Law § 9-103 *(see generally, Iannotti v Consolidated Rail*

*Corp.,* 74 NY2d 39; *Bowles v Kawasaki Motor Corp. USA,* 179 AD2d 299; *Seminara v Highland Lake Bible Conference,* 112 AD2d 630). We need not address whether she is entitled to summary judgment on the additional basis of her claim that she does not own the property where the accident occurred. Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.