■ EUNICE LEE, Individually and as Administratrix of the Estate of DEUK S. LEE, Deceased, Respondent, v LONG ISLAND RAILROAD et al., Appellants. [611 NYS2d 296] —In an action to

recover damages for personal injuries and wrongful death, etc., the defendants appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated August 10, 1992, which, *inter alia,* denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and her decedent, while returning from a fishing trip, were walking along a railroad bridge owned or occupied by the defendants when they were struck by one of the defendants' trains. In the ensuing action to recover for personal injuries and wrongful death, the plaintiff alleged negligent operation of the train in that, *inter alia,* the train was operated at an excessive rate of speed in an area known to be used by members of the public for fishing, and the engineer neither timely sounded the train's horn nor timely stopped the train despite the presence of the plaintiff and the decedent on the bridge. The defendants moved for summary judgment dismissing the complaint on the ground that General Obligations Law § 9-103 insulated them from liability for any negligence which caused injury to persons who were on the bridge in connection with the activity of fishing. The plaintiff opposed the motion and cross-moved, *inter alia,* for leave to serve an amended complaint asserting additional causes of action, including several claims sounding in willful or malicious conduct in the operation of the train. The Supreme Court denied the defendants' motion and granted that branch of the plaintiff's cross motion which sought leave to serve an amended complaint. We affirm.

Contrary to the defendants' contention, we agree with the Supreme Court's determination that the negligence alleged in this case does not fall within the ambit of General Obligations Law § 9-103. That statute expressly provides in part: "an owner * * * or occupant of premises * * * owes no duty to keep the premises safe for entry or use by others for * * * fishing * * * or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes" (General Obligations Law § 9-103 [1] [a]). We have observed that "General Obligations Law § 9-103 exempts landowners who permit their property to be used for certain specified recreational activities * * * from liability for injuries sustained on the property unless, *inter alia,* there is a 'willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity' " *(Jacobs v Northeastern Indus. Park,* 181 AD2d 720, 721, quoting General

Obligations Law § 9-103 [2] [a]). Moreover, "the sole purpose of General Obligations Law § 9-103 is evident—to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities. * * * It would be contrary to reason to assume that the Legislature could have intended that the statute apply in circumstances where neither the basic purpose of the statute, nor, indeed, any purpose could be served" *(Ferres v City of New Rochelle,* 68 NY2d 446, 451-452).

In the case before us, the plaintiff has not alleged the existence of any defect or dangerous condition or activity on the railroad bridge premises where the accident occurred. Rather, the action is based upon the theory that the defendants, by their engineer, negligently (or willfully or maliciously) operated the train. Hence, the purported liability of the defendants is not premised upon any condition on the property, nor does it even rely upon their status as owners or occupiers of the railroad bridge. It is instead based on the allegedly improper conduct of the defendants' employee in operating the train. Inasmuch as General Obligations Law § 9-103 does not provide for the limitation of liability where the owner's own negligence in the operation of a train or vehicle causes injury, and no discernible purpose of the statute would be advanced by such an expansion of the protection which it affords to owners and occupiers of land, we find that the limitation of liability set forth in the statute is inapplicable to the circumstances of this case.

In view of the foregoing, we have no occasion to consider the remaining contentions of the parties with respect to the applicability of the statute.

Furthermore, the defendants' claim that there is no evidence of willful or malicious conduct in this case has not been preserved for our review, as they did not make this argument in their motion papers, nor did they oppose the plaintiff's request for leave to serve an amended complaint alleging willful or malicious conduct against them *(see generally, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.