■ IONE MARTINS, as Parent and Guardian of GUSTAVO MARTINS, an Infant, Respondent, v Syracuse University, Appellant. [627 NYS2d 191] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action on behalf of her infant son, who was injured while sledding on property owned by defendant. Supreme Court denied defendant's motion for summary judgment. Defendant contends that plaintiff's action should be dismissed because defendant is entitled to the immunity provided by General Obligations Law § 9-103. We agree. That section provides that an owner of premises

owes no duty to keep the premises safe for "entry or use" by others for, among other activities, sledding (General Obligations Law § 9-103 [1] [a]). Plaintiff contends that the infant did not enter the property for recreational purposes, but rather, was on the property because he lived there. The statute, however, is framed in the alternative; a landowner owes no duty to keep the premises safe for "entry or use" by others for one of the enumerated activities.

Plaintiff further contends that, as a tenant, she paid consideration for use of the property and therefore defendant is not entitled to the statutory immunity (see, Schoonmaker v Ridge Runners Club 99, 119 AD2d 858, appeal dismissed 68 NY2d 807). There is no evidence in the record that plaintiff's payment of rent included the right to use the hill adjacent to the apartment complex for recreational activities. Further, plaintiff's contention that the statute applies "only to land located in remote, undeveloped areas" is without merit (see, Iannotti v Consolidated Rail Corp., 74 NY2d 39).

It is not disputed that plaintiff was engaged in an enumerated activity and that the property "obviously has attributes that anyone would deem appropriate for * * * sledding" (Gruber v Fairport Cent. School Dist., 147 Misc 2d 545, 550, affd 174 AD2d 1021, lv denied 78 NY2d 860, rearg denied 79 NY2d 823). Defendant therefore is entitled to the immunity provided by the statute (see, McGregor v Middletown School Dist. No. 1, 190 AD2d 923; Gruber v Fairport Cent. School Dist., supra). There is no evidence to support plaintiff's contention that the statutory immunity does not apply because defendant acted willfully and maliciously by failing to warn or guard against a danger (see, Bragg v Genesee County Agric. Socy., 198 AD2d 794, affd 84 NY2d 544). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.