◼ DANIEL C. POWDERLY, Appellant, v COLGATE UNIVERSITY, Respondent. [669 NYS2d 640] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated January 15, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, while a student at the defendant university, allegedly sustained injuries when he struck a stanchion while sledding down a hill on school property. The stanchion was part of a ski lift that was no longer in operation. The hill at issue was used by both students and nonstudents, *inter alia*, for sledding. The plaintiff thereafter commenced this action against the defendant to recover damages for negligence. In the order appealed from, the court granted the defendant's motion for summary judgment dismissing the complaint pursuant to General Obligations Law § 9-103. We now affirm.

General Obligations Law § 9-103 provides conditional immunity from suits based in ordinary negligence to certain owners, lessees, and occupants of property from persons using the property for various listed recreational activities (*see, Albright v Metz,* 88 NY2d 656; *Bragg v Genesee County Agric. Socy.,* 84 NY2d 544; *Iannotti v Consolidated Rail Corp.,* 74 NY2d 39). In order for the statute to apply, the injured party must have been engaged in a listed recreational activity and the property upon which the activity occurred must have been suitable for that activity (*see, Bragg v Genesee Agric. Socy., supra; Iannotti v Consolidated Rail Corp., supra*). Sledding is one of the listed recreational activities (*see,* General Obligations Law § 9-103 [1] [a]). Further, the facts as set forth in the record make clear that the property was suitable for sledding (*see generally, Albright v Metz, supra; Bragg v Genesee County Agric. Socy., supra*). The plaintiff failed to raise a triable issue of fact either that his payment of a student activity fee and/or tuition constituted "consideration" for his use of the hill within the meaning of General Obligations Law § 9-103 (2) (b) (*see, Heminway v State Univ.,* 244 AD2d 979; *Weller v Colleges of the Senecas,* 217 AD2d 280) or that the defendant was guilty of "willful or malicious" conduct within the meaning of General Obligations Law § 9-103 (2) (a) (*see generally, Farnham v Kittinger,* 83 NY2d 520; *Iannotti v Consolidated Rail Corp., supra; Sega v*

*State of New York,* 60 NY2d 183; *Hillman v Penn Cent. Corp.,* 204 AD2d 902). Accordingly, the court properly granted the defendant's motion for summary judgment. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.