■ ROBERT KASSNER et al., Respondents, v POLAND SPRING WATER CO., a Division of GREAT SPRING WATERS OF AMERICA, INC., Appellant. [671 NYS2d 323] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 19, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In a prior order, from which the parties did not appeal, the Supreme Court determined that this action is governed by the substantive law of Maine.

In support of its present motion for summary judgment the defendant made out a prima facie case that this action is governed by Maine's recreational use statute (14 Me Rev Stat Annot § 159-A) and, as owner of the abandoned bottling plant to which the plaintiffs gained access, it did not owe a duty to the injured plaintiff to keep the premises safe for entry or use or to give warning of any hazardous condition on the premises.

In opposition to the motion for summary judgment, the plaintiffs asserted that 14 Maine Revised Statutes Annotated § 159-A (4) (A) applies to the facts of this case. That subsection

provides that the recreational use statute "does not limit the liability that would otherwise exist [f]or a willful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity" (14 Me Rev Stat Annot § 159-A [4] [A]). Evidence that the defendant knew that guests at a nearby inn would gain entry to the abandoned bottling plant and that it had posted "no trespassing" signs on the property was insufficient to raise a triable issue of fact as to whether the defendant's conduct was willful or malicious (*see, Jordan v H.C. Haynes, Inc.,* 504 A2d 618 [Me]). Furthermore, the plaintiffs' conclusory allegation that the defendant's failure to guard or warn third parties of the dangerous condition of the bottling plant was willful is insufficient to defeat the defendant's motion for summary judgment (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.