CARMENCITA SAMUELS, Respondent, v HIGH BRAES REFUGE, INC., Appellant. [778 NYS2d 640]—

Appeal from an order of the Supreme Court, Onondaga County (Robert J. Nicholson, J.), entered May 27, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of defendant, Supreme Court properly denied its motion for summary judgment dismissing the complaint. Although defendant met its initial burden of establishing that it was immune from liability under General Obligations Law § 9-103, plaintiff raised a triable issue of fact whether defendant required payment of a fee for use of its property for snow tubing. The immunity provisions of section 9-103 (1) do not apply where permission to pursue the recreational activity was granted for consideration (§ 9-103 [2] [b]). Contrary to the further contention of defendant, the fact that the court granted its motions for summary judgment in two cases involving other people injured in the same accident does not mandate a contrary result. "The application of the doctrine of stare decisis is limited to a principle of law or a settled legal issue, rather than to prior factual or legal determinations" (*Killeen v Crosson*, 218 AD2d 217, 220 [1996]; *see generally Moore v City of Albany*, 98 NY 396, 410 [1885]). The record fails to establish that the factual evidence submitted to the court in the prior cases was identical to the factual evidence submitted in this case. In any event, "a judgment of a trial court, although binding upon the parties to the litigation and entitled to preclusive effect if not appealed, will not receive stare decisis treatment by an appellate tribunal" (*Matter of Bull*, 235 AD2d 722, 723-724 [1997] [internal citations omitted], *lv dismissed* 90 NY2d 913 [1997]). The plaintiffs in the other two cases did not appeal from the orders dismissing their complaints, and this Court is not bound by the orders rendered in those cases.

Finally, we conclude that the court properly determined that defendant was not entitled to summary judgment based on the doctrine of primary assumption of risk. "Generally, whether the plaintiff assumed a risk by participating in a sport is a question for the jury; dismissal of the complaint is appropriate only when

the proof before the court reveals no triable issue of fact" (*Weller v Colleges of the Senecas*, 217 AD2d 280, 284 [1995]; *see Alessi v Boy Scouts of Am. Greater Niagara Frontier Council*, 247 AD2d 824, 824-825 [1998]). Plaintiff raised a triable issue of fact whether she "made an informed estimate of the risk involved as measured against her skill and experience in [snow tubing]" (*Andrews v County of Onondaga*, 298 AD2d 837, 838 [2002]). Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.