■ JAMES JONES, JR., as Administrator of the Estate of COURTNEY R. JONES, Deceased, et al., Appellants, v LEI-TI TOO, LLC, Respondent. [846 NYS2d 826]—

Appeal from an order of the Supreme Court, Livingston County (Raymond E. Cornelius, J.), entered August 14, 2006 in an action for, inter alia, wrongful death. The order denied plaintiffs' motion for partial summary judgment dismissing an

affirmative defense and granted defendant's cross motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and reinstating the amended complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages arising from the death of their 14-year-old daughter (decedent), who was fatally injured while sledding on a hill on defendant's property. Plaintiffs appeal from an order that, inter alia, granted defendant's cross motion for summary judgment dismissing the amended complaint. We agree with plaintiffs that Supreme Court erred in granting the cross motion because there is a triable issue of fact whether consideration was paid for use of the property, and we therefore modify the order accordingly.

The record establishes that plaintiffs accompanied decedent and other members of their church group to a campground owned by defendant. Defendant held the campground open for a pancake breakfast on the day of the accident, and one of defendant's employees informed the group's representative that the group could also take a hayride, observe the manufacture of maple syrup, and go sledding on the property. The employee also informed the group's representative that each participant would be required to pay a fee.

Contrary to the contention of defendant, it failed to establish as a matter of law that the fee did not apply to the sledding activity, and defendant failed to establish that it cannot be held liable for the accident pursuant to General Obligations Law § 9-103. Although that statute immunizes property owners from liability for permitting certain recreational activities, including sledding, on their properties, it does not limit the liability of a property owner "for injury suffered in any case where permission to pursue any of the activities enumerated in [that] section was granted for a consideration" (§ 9-103 [2] [b]; *see Schoonmaker v Ridge Runners Club 99*, 119 AD2d 858, 859-860 [1986], *appeal dismissed* 68 NY2d 807 [1986]). Here, there is an issue of fact whether defendant "required payment of a fee for use of its property for" sledding (*Samuels v High Braes Refuge, Inc.*, 8 AD3d 1110, 1111 [2004]), and thus whether there is a nexus between the fee paid for the use of the property and the sledding activity (*cf. Heminway v State Univ. of N.Y.*, 244 AD2d 979, 980 [1997], *lv denied* 91 NY2d 809 [1998]). Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.