■ MICHAEL TWOMEY et al., Respondents, v RICHARD G. ROSENTHAL et al., Appellants, et al., Defendant. [860 NYS2d 591]—

In an action to recover damages for personal injuries, etc., the defendants Richard G. Rosenthal, Richard G. Rosenthal JCC, Richard G. Rosenthal Jewish Community Center of Northern Westchester, Inc., and United Jewish Appeal-Federation of Jewish Philanthropies of NY, Inc., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 29, 2007, as denied that branch of their cross motion which was for

summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

The infant plaintiff Michael Twomey sustained injuries when he collided with a guardrail while sledding on a hill on property owned by the defendant United Jewish Appeal-Federation of Jewish Philanthropies of N.Y., Inc., and operated by the defendants Richard G. Rosenthal, Richard G. Rosenthal JCC, Richard G. Rosenthal Jewish Community Center of Northern Westchester, Inc. (hereinafter collectively the appellants). The plaintiffs commenced this action against those entities and the Town of Mount Pleasant, alleging, inter alia, that they had negligently or willfully maintained a dangerous condition on the property. The appellants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the grounds that they were immune from liability for negligence under the recreational use statute, General Obligations Law § 9-103, and the evidence failed to raise an issue of fact as to whether they had engaged in willful or malicious behavior so as to remove them from the protection afforded by the statute. The Supreme Court, among other things, denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

General Obligations Law § 9-103 (1) (a) provides that "an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for" the purpose of pursuing enumerated activities such as sledding, bicycling, or horseback riding. The "sole purpose" of the statute is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities" (*Ferres v City of New Rochelle*, 68 NY2d 446, 451 [1986]; *see Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 43 [1989]). The protections conferred by General Obligations Law § 9-103 apply if the plaintiff is injured while engaged in one of the enumerated activities "on land that is suitable for that activity" (*Albright v Metz*, 88 NY2d 656, 662 [1996], quoting *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551-552 [1994]; *see Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 818 [2007]).

Here, the infant plaintiff was engaged in sledding, an enumerated activity under the statute. The determination of whether a particular parcel of land is suitable for a recreational activity under the circumstances is a question of law for the court (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 551). "A substantial indicator that property is 'physically conducive to the particular activity' is whether recreationists have used the property for that activity in the past; such past use by participants in the sport manifests the fact that the property is physically conducive to it" (*Albright v Metz*, 88 NY2d at 662, quoting *Iannotti v Consolidated Rail Corp.*, 74 NY2d at 45; *see Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d at 818). Here, the property on which the infant plaintiff was injured was suitable for the activity of sledding, based on the evidence that the property had been used for that purpose for many years, and that it was used by the infant plaintiff and several other children on the day of the accident (*see Albright v Metz*, 88 NY2d at 662; *Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d at 818).

Contrary to the plaintiffs' contention, the fact that the property had a suburban character is not relevant to determining whether the protections of General Obligations Law § 9-103 apply. "[I]t would be irrational to adopt a statutory construction which would deprive a landowner of the limited liability of the statute merely because his land, while otherwise suitable for one or more of the enumerated recreational activities, is not located in an area that can be characterized as wilderness, remote or undeveloped" (*Iannotti v Consolidated Rail Corp.*, 74 NY2d at 45 [internal quotation marks omitted]). The applicability of the recreational use statute "does not depend on whether the landowner was induced to open his land" by the statute (*Bragg v Genesee County Agric. Socy.*, 84 NY2d at 551).

Moreover, contrary to the plaintiffs' contention, the evidence failed to raise a triable issue of fact as to whether the appellants acted willfully or maliciously. The recreational use statute "does not limit the liability which would otherwise exist . . . for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure, or activity" (General Obligations Law § 9-103 [2] [a]). However, inherent in General Obligations Law § 9-103 (2) (a) "is a high-threshold demonstration by the injured party to show willful intent by the alleged wrongdoer . . . The exception 'must be strictly construed in order that the major policy underlying the legislation itself is not defeated,' with all doubts resolved in favor of the general provision rather than the exception" (*Farnham v Kittinger*, 83 NY2d 520, 529 [1994], quoting McKinney's Cons Laws of NY, Book 1, Statutes

§ 213). "The fact that the dangerous condition in question might not be readily apparent does not remove it from the coverage of General Obligations Law § 9-103 (1) (a). On the contrary, 'the statute does not indicate any intent to except traps or concealed defects' " (*Hinchliffe v Orange & Rockland Utils. Co.*, 216 AD2d 528, 529 [1995], quoting *Sega v State of New York*, 60 NY2d 183, 191 [1983]; *see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 552). "An owner's actions [of] creating a dangerous condition must be based on a showing of particular, not inferred, malice and willfulness, and not on simple negligence" (*Farnham v Kittinger*, 83 NY2d at 529). Under these circumstances, any evidence that the guardrail was partly concealed would not suffice to raise an issue of fact as to the defendants' willful or malicious conduct (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 552; *Farnham v Kittinger*, 83 NY2d at 529; *Sega v State of New York*, 60 NY2d at 192-193; *Kassner v Poland Spring Water Co.*, 249 AD2d 449, 450 [1998]; *Powderly v Colgate Univ.*, 248 AD2d 365 [1998]; *Mattison v Hudson Falls Cent. School Dist.*, 91 AD2d 1133, 1134 [1983]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.