■ TROY FARLEY et al., Appellants, v TOWN OF RHINEBECK, Defendant, and WINNAKEE LAND TRUST, INC., Doing Business as BURGER HILL PARK, Also Known as SCENIC HUDSON LAND TRUST, INC., Respondent. [885 NYS2d 618]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), entered December 11, 2008, which granted the motion of the defendant Winnakee Land Trust, Inc., doing business as Burger Hill Park, also known as Scenic Hudson Land Trust, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly held that General Obligations Law § 9-103 provided immunity to the defendant Winnakee Land Trust, Inc., doing business as Burger Hill Park, also known as Scenic Hudson Land Trust, Inc. (hereinafter the defendant), since the injured plaintiff was engaged in one of the enumerated activities "on land [that is] suitable for that activity" (*Albright v Metz*, 88 NY2d 656, 662 [1996], quoting *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551-552 [1994]; *see Twomey v Rosenthal*, 52 AD3d 693 [2008]; *Powderly v Colgate Univ.*, 248 AD2d 365 [1998]; *see also Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817 [2007]; *McGregor v Middletown School Dist. No. 1*, 190 AD2d 923 [1993]; *cf. Morales v Coram Materials Corp.*, 51 AD3d 86 [2008]). In opposition to the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, the plaintiffs failed to raise a triable issue of fact as to whether the defendant either received some "consideration" for the injured plaintiff's use of the property within the meaning of General Obligations Law

§ 9-103 (2) (b) (*see Jones v Lei-Ti Too, LLC*, 45 AD3d 1468 [2007]; *Powderly v Colgate Univ.*, 248 AD2d 365 [1998]), or was guilty of "willful or malicious" conduct within the meaning of General Obligations Law § 9-103 (2) (a) (*see Twomey v Rosenthal*, 52 AD3d at 696; *Powderly v Colgate Univ.*, 248 AD2d at 365; *Kassner v Poland Spring Water Co.*, 249 AD2d 449, 450 [1998]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, we need not reach the plaintiffs' remaining contention. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.