# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**887**
**CA 11-00172**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

MARK V. SABIA, AS ADMINISTRATOR OF THE
ESTATE OF MARIO V. SABIA, DECEASED,
PLAINTIFF-RESPONDENT,

                V                              MEMORANDUM AND ORDER

NIAGARA MOHAWK POWER CORPORATION, DOING
BUSINESS AS NATIONAL GRID, DEFENDANT,
AND NORTHERN ERIE SNO-SEEKERS, INC.,
DEFENDANT-APPELLANT.

---

HANCOCK & ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (EDWARD J. SCHWENDLER, III,
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered December 8, 2010. The order, inter alia,
denied the motion of defendant Northern Erie Sno-Seekers, Inc. for
summary judgment dismissing the complaint and granted the cross motion
of plaintiff to dismiss the General Obligations Law § 9-103
affirmative defense of Northern Erie Sno-Seekers, Inc.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the cross
motion for summary judgment dismissing the affirmative defense of
defendant Northern Erie Sno-Seekers, Inc. pursuant to General
Obligations Law § 9-103 and granting the motion of defendant Northern
Erie Sno-Seekers, Inc. for summary judgment dismissing the complaint
against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff's decedent was killed while operating a
snowmobile on a trail maintained by defendant Northern Erie Sno-
Seekers, Inc. (Sno-Seekers) on property owned by defendant Niagara
Mohawk Power Corporation, doing business as National Grid (NiMo).
After leaving a restaurant where he had consumed several alcoholic
beverages, decedent, followed by a friend on another snowmobile, drove
directly into a metal gate near a portion of the trail he had passed
earlier that evening. By his friend's estimate, decedent was
traveling at a speed of approximately 45 miles per hour when he hit
the gate. Decedent was rendered unconscious immediately and died
within one hour after the accident. Plaintiff commenced this action
seeking to recover damages for decedent's wrongful death and conscious

pain and suffering, contending that the "accident was caused by the willful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity of the [d]efendants." Following discovery, both defendants moved for summary judgment dismissing the complaint against them, respectively, based upon General Obligations Law § 9-103, which they each asserted as an affirmative defense. That statute provides in relevant part that "an owner, lessee or occupant of premises . . . owes no duty to keep the premises safe for entry or use by others for . . . motorized vehicle operation for recreational purposes[][or] snowmobile operation . . . or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes" (§ 9-103 [1] [a]), unless the owner, lessee or occupant of the premises is guilty of a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (§ 9-103 [2] [a]), or receives consideration for the use of the premises to pursue, inter alia, the above enumerated activities (§ 9-103 [2] [b]). Plaintiff, in turn, cross-moved to strike defendants' affirmative defenses under section 9-103.

Supreme Court granted NiMo's motion, denied Sno-Seekers' motion, and granted that part of plaintiff's cross motion with respect to Sno-Seekers. The court reasoned that Sno-Seekers' affirmative action in directing riders in the direction of the metal gate without adequate warnings rendered General Obligations Law § 9-103 inapplicable. The court further determined that Sno-Seekers had failed to establish that the $25 membership dues charged to members, including decedent, did not constitute "consideration" for the use of the trail within the meaning of section 9-103 (2) (b). We conclude that the court erred in denying Sno-Seekers' motion and in granting that part of plaintiff's cross motion with respect to Sno-Sneekers. We therefore modify the order accordingly, thus dismissing the complaint in its entirety.

General Obligations Law § 9-103 "grants a special immunity to owners, lessees or occupants from the usual duty to keep places safe" when those using the property are engaged in specified recreational activities (*Farnham v Kittinger*, 83 NY2d 520, 525). Here, it is undisputed that decedent was engaged in a covered activity, i.e., snowmobiling, and that the property had been used extensively for snowmobiling for years and was suitable for that purpose. The court erred in determining that the statute was inapplicable because Sno-Seekers was guilty of "affirmative" acts of negligence, thereby rendering the statute inapplicable pursuant to section 9-103 (2) (a). Indeed, we held in *Sauberan v Ohl* (239 AD2d 891) that General Obligations Law § 9-103 does not immunize a landowner or occupant from liability for affirmative acts of negligence unrelated to the condition of the land itself. Thus, in *Sauberan*, we held that the statute did not shield the landowner/occupant from liability from a hunting accident that occurred on his property, where liability was not predicated upon his "status as owner or occupant of the land" but, instead, was predicated "upon his allegedly improper conduct in telling [the] defendant [in question] . . . to shoot at a target that [the owner/occupant] could not see" (*id.*). Similarly, in *Del Costello v Delaware & Hudson Ry. Co.* (274 AD2d 19, 21), the Third Department

held the statute was inapplicable in a case where the injured plaintiff was struck by a train while operating a snowmobile on property owned by the defendant. The *Del Costello* Court reasoned that "the statute does not immunize [the defendant] landowner [or one of its employees] from its separate and distinct duty to operate a vehicle on its recreational property with reasonable care" (*id*. at 23; *see Lee v Long Is. R.R.*, 204 AD2d 280, 282). Here, the negligence alleged by plaintiff is related solely to the condition of the property itself, not to any independent duty separate and distinct therefrom, and thus the affirmative negligence doctrine is inapplicable.

We reject plaintiff's contention that Sno-Seekers was guilty of willful or malicious conduct so as to trigger the statutory exception under General Obligations Law § 9-103 (2) (a). That exception " 'must be strictly construed in order that the major policy underlying the legislation itself is not defeated,' with all doubts resolved in favor of the general provision rather than the exception" (*Farnham*, 83 NY2d at 529). For a party successfully to invoke the exception, there must be "a high-threshold demonstration . . . to show willful intent by the alleged wrongdoer" (*id.*), a showing that plaintiff has failed to make in this case.

Finally, the fact that Sno-Seekers, a not-for-profit group, charged a nominal membership fee of $25 per year does not trigger the "consideration" exception to the statute (General Obligations Law § 9-103 [2] [b]). It is undisputed that the membership fee was not charged as a prerequisite to use of the trails, which were open to the public at large. Indeed, the friend of decedent who was riding with him that night was not a dues-paying member of Sno-Seekers at the time. Under the circumstances, we conclude that there was an insufficient nexus between the nominal membership dues and the maintenance of the trail to trigger the statutory exception (*see Heminway v State Univ. of N.Y.*, 244 AD2d 979, *lv denied* 91 NY2d 809; *see also Martins v Syracuse Univ.*, 214 AD2d 967).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court