■ JOSEPH M. SHAY, Appellant, v GERALD A. CONTENTO et al., Respondents. (And a Third-Party Action.) [937 NYS2d 706]—

Malone Jr., J.

In cases involving athletic or recreational activities, where a plaintiff has freely assumed commonly known risks inherent in the sport or activity, primary assumption of risk negates any duty on the part of a defendant to safeguard the plaintiff from those risks (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]; *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Turcotte v Fell*, 68 NY2d 432, 438-439 [1986]). The application of the doctrine must be closely circumscribed to avoid undermining and displacing the principles of comparative causation (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d at 395; *see also* CPLR 1411). As such, "the inference of such an assumption as a ground for exculpation may not be made . . . except in the context of [athletic or recreational] pursuits both unusually risky and [socially] beneficial that the defendant has in some nonculpable way enabled" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396).

Here, in support of their cross motion, defendants offered evidence that their property consisted of approximately 140 acres of rural farmland on which they, among other things, raised livestock for sale. On the day in question, defendant Gerald

Contento (hereinafter Contento) and defendant Theresa Contento allowed a pavilion on the property to be used as a reunion site for approximately 50 of their family members.[2] The area in which the pavilion was located was a flat grassy pasture area and had a gravel driveway that led to a pond. Contento testified that he regularly maintained the driveway, frequently inspecting it for potholes, and kept the grassy area mowed. Contento described the vehicle involved in the accident as one of three four-wheel-drive utility "farm vehicles" that were used for farm work, such as transporting feed for the animals and moving tools, rather than recreational pursuits.[3] According to Contento, while he was preparing for the reunion, he gave his children and his brother-in-law permission to use the vehicle to transport party supplies to the pavilion. Although Contento did not recall seeing the vehicle in the vicinity of the pavilion during the reunion, he recalled that he granted Les Distin permission to use it after he had asked, but denied granting permission to use the vehicle to anyone else in attendance. Contento said that he did not remember seeing anyone else driving the vehicle, and he did not know that plaintiff had ridden on it until he was alerted that there had been an accident. Contento also stated that no one had ever been injured while using the farm vehicles before the instant incident.

According to Distin, the driver, she saw many people driving the vehicle during the reunion and did not ask for permission from Contento, her parents or anyone else before deciding to drive it herself. Distin stated that when plaintiff got in the vehicle with her, they drove around the pond and then started down a hill on the gravel driveway, applying the brake when she reached a speed of approximately 5 or 10 miles per hour. She stated that when she approached the end of the driveway, she knew that she had to turn around and decided to leave the driveway and enter the adjacent grassy area. Distin stated that they went over a "hump" in the grass, at which point the vehicle became unstable and then overturned as she attempted to make a right turn. According to Distin, when the vehicle became unstable, plaintiff reached over and grabbed the steering wheel and attempted to help her make the turn. Plaintiff's testimony

---

2. Plaintiff's stepfather, Les Distin, is Contento's first cousin.

3. Contento was careful to distinguish between the "farm vehicles" at issue, which he referred to as "ATV[s]," and the "recreational vehicles," which he referred to as "four-wheelers," that his children rode for fun. Contento stated that, according to his memory, the children's four-wheelers were not out on the day of the reunion because they "never usually bring them out . . . because of the little kids." According to Contento, the farm vehicles "are a lot safer than the four-wheelers."

regarding the incident was consistent with Distin's, except that he claimed that someone told him that Contento had given people permission to use the vehicle and that he did not remember reaching for the steering wheel.

On this record, there is insufficient evidence to establish, as a matter of law, that primary assumption of risk applies in this case. Even assuming, without finding, that defendants met their initial burden of establishing a prima facie entitlement to judgment, issues of fact exist as to, among other things, whether defendants enabled plaintiff's activity in some culpable way (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396).

Finally, as an alternative ground for affirmance defendants contend that General Obligations Law § 9-103 shields them from liability for plaintiff's injury. Although this issue is being raised for the first time on appeal, it is properly before us (*see Ferres v City of New Rochelle*, 68 NY2d 446, 450 n 3 [1986]; *Sega v State of New York*, 60 NY2d 183, 190 n 2 [1983]), we find it to be unpersuasive. Here, inasmuch as the negligence alleged by plaintiff is not related solely to the condition of defendants' property itself, but also to an independent duty separate and distinct therefrom, General Obligations Law § 9-103 is not a complete bar to recovery (*see Del Costello v Delaware & Hudson Ry. Co.*, 274 AD2d 19, 22-23 [2000]; *cf. Sabia v Niagara Mohawk Power Corp.*, 87 AD3d 1291, 1293 [2011]).

Peters, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' cross motion for summary judgment dismissing the complaint; cross motion denied; and, as so modified, affirmed. **[Prior Case History: 30 Misc 3d 1215(A), 2011 NY Slip Op 50075(U).]**