[675 NYS2d 254]

LINDA MCCARTHY, Respondent, v NEW YORK STATE CANAL CORPORATION, Appellant. (Claim No. 90208.)

In the Matter of LINDA MCCARTHY, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant.

Third Department, July 9, 1998

58

### APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany (*Michael S. Buskus* of counsel), for appellant.

*Proskin Law Firm, P. C.,* Albany (*Lisa Anne Proskin* of counsel), for respondent.

### OPINION OF THE COURT

CARDONA, P. J.

On June 26, 1994, claimant, her friend and her mother drove to the north bank of the Mohawk River, near the Crescent Bridge in the Town of Halfmoon, Saratoga County, to visit with her friend's brother and his family who were fishing in the vicinity of a stone and concrete seawall, a terminus where people are permitted to dock their boats. Claimant walked out onto the remnants of an old stone aqueduct, which once crossed the Mohawk River, adjacent to the terminal wall to help one of the children untangle her fishing line. As claimant turned to ask the child's father for help, she fell into a hole between the aqueduct and the terminal wall striking her head on an iron capstan or stanchion anchored in the concrete used for tying up watercraft.

Claimant filed a claim for personal injuries against the State Canal Corporation alleging that it was negligent for failing to maintain the premises and for failing to warn claimant of a dangerous and hazardous condition. The Canal Corporation moved for summary judgment dismissing the claim based on the immunity provided by the recreational use statute (*see,* General Obligations Law § 9-103 [1] [a]). The Court of Claims denied the motion holding that the statute did not apply to this particular property. Thereafter, the court granted claimant's motion pursuant to Court of Claims Act § 10 (6) to file a late notice of claim against the State Thruway Authority, which had assumed jurisdiction, management and control of the State canal system (*see,* L 1992, ch 766, § 4). The Canal Corporation and the Thruway Authority appeal.

General Obligations Law § 9-103 protects private as well as government landowners from liability against claims for ordinary negligence brought by members of the public who come on their property to engage in certain enumerated activities (*see, Albright v Metz*, 88 NY2d 656, 661-662; *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 546-547), including fishing (*see,* General Obligations Law § 9-103 [1] [a]). We have noted the significance of examining the landowner's role in relation to the public's use of the property, particularly with respect to government landowners, in determining whether it is appropriate to apply the statute (*see, Stento v State of New York*, 245 AD2d 771, 772, *lv denied* 92 NY2d 802; *Clark v State of New York*, 178 AD2d 908, 909). Thus, where a landowner already "operates and maintains a supervised facility * * * for use by the public", the statute may be inapplicable because there is no public purpose to be served in inducing the owner to open his or her land to recreational activities (*Ferres v City of New Rochelle*, 68 NY2d 446, 453). This was precisely the ground upon which the Court of Claims relied. It found that because members of the public docked boats at the terminal wall, it was a public recreational facility and, therefore, no further public purpose would be served by application of the statute.

Our examination of the record leads us to a contrary conclusion in that there is insufficient proof of supervision on a par with that provided by the municipal parks in *Ferres v City of New Rochelle* (*supra* [various public recreational facilities operated and maintained by a staff of 24]) and *Sena v Town of Greenfield* (91 NY2d 611 [supervised sledding hill]). Here, uncontradicted evidence shows that while the public is permitted to engage in fishing from the terminal wall, without charge (*see,* General Obligations Law § 9-103 [2] [b]), neither that activity nor use of the site for that purpose is under the supervision of the Canal Corporation or Thruway Authority. In our view, without the additional inducement of liability protection, the Canal Corporation and the Thruway Authority would no doubt feel constrained to end the public's use of the terminal wall for fishing. Thus, we find that "application of General Obligations Law § 9-103 is 'appropriate and consistent with the purpose of the legislation'" (*Stento v State of New York, supra*, at 773, quoting *Clark v State of New York, supra*, at 910) to provide the public with more places to engage in this particular recreational activity (*see, Bragg v Genesee County Agric. Socy., supra*, at 550; *Iannotti v Consolidated Rail Corp.*, 74 NY2d 39, 44-45).

We now consider whether the statute affords liability protection for the landowners under the particular circumstances of this case. The statute immunizes a landowner from liability when " '(1) the plaintiff is engaged in one of the activities identified in section 9-103 and (2) the plaintiff is recreating on land suitable for that activity' " (*Albright v Metz, supra*, at 662, quoting *Bragg v Genesee County Agric. Socy., supra*, at 551-552).

Taking these two requirements in reverse order, we note that the determination of suitability turns on whether the land, " 'view[ed] * * * as it generally exists' " (*Albright v Metz, supra*, at 664, quoting *Bragg v Genesee County Agric. Socy., supra*, at 552), " 'is not only physically conducive to the particular activity or sport but is also a type which would be appropriate for public use in pursuing the activity as recreation' " (*Bragg v Genesee County Agric. Socy., supra*, at 548, quoting *Iannotti v Consolidated Rail Corp., supra*, at 45). Evidence that the Canal Corporation permits the public to fish from the terminal wall is a sufficient indication that the area is physically conducive to that activity (*see, Albright v Metz, supra*, at 662).

Turning to the remaining requirement, we address whether claimant was engaged in one of the activities listed in the statute. Although the statute does not define the term "fishing", we find the definition contained in the Department of Environmental Conservation rules and regulations instructive (*see, Cometti v Hunter Mtn. Festivals*, 241 AD2d 896, 897). "*Fishing* means the taking, killing, netting, capturing or withdrawal of fish from the waters of the State by any means, including every attempt to take *and every act of assistance to any other person in taking or attempting to take fish*" (6 NYCRR 197.2 [c] [emphasis supplied]). In our view, claimant rendered assistance to another person who was attempting to take fish when she responded to the request to untangle the child's fishing line and, therefore, was engaged in "fishing" as a matter of law at the time of her accident. Moreover, and in any event, the record shows that claimant joined other individuals who were drawn to that site for the purpose of engaging in fishing. Thus, we find, as a matter of law, that the terminal wall was an area conducive for fishing and that claimant was engaged in that enumerated activity. We conclude, therefore, that the recreational use statute is applicable and, in the absence of any exceptions (*see*, General Obligations Law § 9-103 [2]), bars the instant claim.

Furthermore, in the absence of the appearance of merit to claimant's claim, the request to file a late notice of claim against the Thruway Authority should have been denied (*see, Prusack v State of New York*, 117 AD2d 729).

CREW III, WHITE, YESAWICH JR. and GRAFFEO, JJ., concur.

Ordered that the order entered May 27, 1997 is reversed, on the law, without costs, motion granted, summary judgment awarded to the State Canal Corporation, and claim dismissed.

Ordered that the order entered September 11, 1997 is reversed, on the law, without costs, and motion denied.