OPINION OF THE COURT
Alexander Vitale, J.
Motion by defendant Diocese of Rockville Centre (hereinafter Diocese) for summary judgment and a dismissal of the complaint is granted.
The infant plaintiff was seriously injured on vacant land owned by the Diocese when the dune buggy driven by the infant defendant in which the infant plaintiff was riding as a passenger hit a mound of dirt and flipped over.
In addition to alleging the negligence of the infant defendant and his parents, the complaint alleges that the Diocese was negligent in its supervision and maintenance of the vacant land by not preventing the public at large from using the land and by allowing debris to accumulate.
On this motion, the Diocese submits that it cannot be found liable for the injuries sustained by plaintiffs by virtue of section 9-103 of the General Obligations Law, which provides in part:
*241 “1. Except as provided in subdivision two,
“a. an owner, lessee or occupant of premises, whether or not posted as provided in section 11-2111 of the environmental conservation law, owes no duty to keep the premises safe for entry or use by others for hunting, fishing, canoeing, boating, trapping, hiking, cross-country skiing, speleological activities, horseback riding, bicycle riding, hang gliding, motorized vehicle operation for recreational purposes, snowmobile operation, cutting or gathering of wood for non-commercial purposes or training of dogs, or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes * * *
“2. This section does not limit the liability which would otherwise exist
“a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity;
“b. for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration * * *
“3. Nothing in this section creates a duty of care or ground of liability for injury to person or property.”
In further support of its position, the Diocese cites Sega v State of New York (60 NY2d 183). In Sega, the Court of Appeals distinguishes section 9-103 from common law and observes (at pp 191-192) that section 9-103 imposes liability
“only if there is a willful or malicious failure to warn * * *
“The defendant’s negligence, if any, is immaterial.”
In view of the foregoing, plaintiffs’ complaint fails to set forth a cause of action against the Diocese. However, “Modern principles of procedure do not permit an unconditional grant of summary judgment against a plaintiff who, despite defects in pleading, has in his submissions made out a cause of action.” (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 279.) Therefore, plaintiffs’ submissions in opposition to this motion were carefully reviewed. Plaintiffs do not allege that the Diocese charged a fee for permission to use its property or that the Diocese was *242 willful or malicious in its failure to warn. Rather plaintiffs allege that the Diocese is not a landowner protected by the statute because at various times its agents attempted to prevent people from using the land. Thus, plaintiffs’ reason, the Diocese did not “gratuitously allow” use of its property as the term was applied by Chief Judge Cooke in the Sega opinion, nor did it “open” its lands for public use as contemplated by the Legislature when it enacted the section. (Memorandum of Joint Legislative Committee on Revision of Conservation Law, McKinney’s Session Laws of NY, 1956, p 1943.) Further, plaintiffs claim that the land itself is not of the nature contemplated by the Legislature to be protected by the section. “Generally, a statute is to be construed according to the ordinary meaning of its words [citations omitted] and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal [citations omitted]. While legislative intent is the great and controlling principle [citation omitted], it should not be confused with legislative history, as the two are not coextensive. Inasmuch as the legislative intent is apparent from the language of section 9-103, there is no occasion to consider the import, if any, of the legislative memorandum. ” (Sega v State of New York, supra, pp 190-191.)
The statute states “an owner * * * owes no duty to keep the premises safe for entry or use by others for * * * motorized vehicle operation for recreational purposes”. The statute does not require that, as a prerequisite to protection from liability, the owner must “gratuitously allow” such use. The fact that those words were used by the court in Sega (supra) in determining that the State, as landowner, was protected does not restrict the protection afforded by the statute, otherwise completely unambiguous, to only those who affirmatively so allow. The Diocese does not lose the protection of the statute because of its occasional attempts at discouraging the use of its land.
In any event, by dictionary definition, the terms “gratuitously allow” can be applied to the Diocese’s conduct herein of permitting (through neglect in prevention) use of its property without receiving any return value.*
*243 Plaintiff’s second contention, that the land itself is not under the statute’s protection, is also unconvincing in view of the statute’s unqualified use of the word “premises”. Plaintiff cites Michalovic v Genessee-Monroe Racing Assn. (79 AD2d 82), in support of its position. However, in that case, the land found not to be protected by section 9-103 was (at p 86) an “asphalt parking lot, designed with equipment to control and restrict the free movement of traffic”, which the court distinguished from “property of a relatively undeveloped nature”.
In the case at bar, the Diocese alleges that the land at issue is vacant and undeveloped. Plaintiffs point to the transcript of the deposition of the Diocese by Robert E. Scholly wherein there is a statement that the property is under contract for sale and a suggestion that a developer may have gone onto the property. Plaintiffs offer no evidence that, in fact, the land has been developed or, in any way, approaches the condition of the premises in Michalovic.
In opposing the Diocese’s statutory defense, plaintiffs rely on legal arguments and do not demonstrate the existence of a material issue of fact. Absent an issue of fact requiring trial, summary judgment is proper. (CPLR 3212, subd [b]; Alvord & Swift v Muller Constr. Co., 46 NY2d 276, supra.) Accepting the facts as alleged by plaintiffs, in the light most favorable to plaintiffs, the court finds, as a matter of law, that the Diocese is shielded by section 9-103 from liability for plaintiffs’ injuries and the damages accruing as a result. Thus, the complaint must be dismissed as to this defendant.

 According to the Random House College Dictionary (1975) “gratuitous” is defined as, inter alia, “given without receiving any return value” and “allow” is defined as, inter alia, “to permit by neglect, oversight', or the like.”