■ WILLIAM G. HARDY, an Infant, by GEORGE HARDY et al., His Parents and Natural Guardians, et al., Appellants, v ALFRED V. GULLO et al., Defendants, and ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Vitale, J.), dated May 22, 1984, which granted the motion of the defendant Roman Catholic Diocese of Rockville Centre for summary judgment dismissing the complaint as against it on the ground that General Obligations Law § 9-103 absolved it from liability *(Hardy v Gullo,* 124 Misc 2d 240).

Order affirmed, with costs.

The plaintiff William Hardy sustained injuries when the dune buggy in which he was riding collided with a mound of dirt and flipped over. The accident occurred on property owned by the defendant Roman Catholic Diocese of Rockville Centre (hereinafter the diocese). The property consisted of approximately 236 acres, located at the intersection of Indian Head Road and Kings Park Road in the Town of Smithtown, and was vacant, unfenced, and littered with debris—including junked cars, refrigerators and other abandoned items. Signs had been posted to keep trespassers out, and, on several occasions, trespassers were chased off the property. The diocese had never given permission to use the land to individuals who had requested to use the property.

A review of the record establishes that Special Term properly granted summary judgment in favor of the diocese and dismissed the complaint as against it. Under General Obligations Law § 9-103 (1) (a), an owner of premises, whether or not signs are posted, owes no duty to keep the premises safe for entry or use by others, *inter alia,* for recreational motorized vehicle operation, or to give warning of any hazardous condition on such premises to persons entering for that purpose. Although the statute is said to protect landowners who "gra-

tuitously allow" persons to use their property for certain enumerated recreational uses *(see, Sega v State of New York,* 60 NY2d 183, 186), nothing in the statute limits its application to instances where a landowner grants permission to another to enter upon or use his land. To the contrary, the ordinary meaning of the statutory language establishes clearly that it applies with equal force to a landowner who has not given such permission. Thus, the fact that the defendant diocese posted its property, never gave permission for the use thereof and caused trespassers to be ejected did not deprive it of the protection afforded by General Obligations Law § 9-103 *(see, Mattison v Hudson Falls Cent. School Dist.,* 91 AD2d 1133).

Moreover, the land in question was undeveloped, and, therefore, fell within the intended scope of the statute *(see, Michalovic v Genesee-Monroe Racing Assn.,* 79 AD2d 82, 85-86; *see also, O'Keefe v State of New York,* 104 AD2d 43). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur. [124 Misc 2d 240.]