■ TRACY J. BLOOM, an Infant, by DONNA L. LINS, His Mother, et al., Appellants, v JOSEPH BRADY et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Respondent.— Appeal from an order and judgment of the Supreme Court (Travers, J.), entered December 19, 1989 in Rensselaer County, which granted a motion by defendant Niagara Mohawk Power Corporation for summary judgment dismissing the complaint and all cross claims against it.

We find no error in Supreme Court's award of summary judgment dismissing the complaint against defendant Niagara Mohawk Power Corporation (hereinafter NiMo) based on General Obligations Law § 9-103. On this appeal, plaintiffs contend that because NiMo posted the entranceway to the road upon which plaintiff Tracy J. Bloom was injured with a "No Trespassing" sign, the grant of immunity to property owners provided by the statute did not apply. However, the statute is not limited to only those situations where a landowner grants permission to others to use his land. As this court has noted "[t]o the contrary, the ordinary meaning of the statutory language establishes clearly that it applies with equal force to a landowner who has not given such permission" and that protection under the statute is not to be denied "because [a] defendant caused signs to be posted prohibiting [recreational] use" *(Hoffman v Joseph R. Wunderlich, Inc.,* 147 AD2d 807, 809, *lv denied* 74 NY2d 612; *see, Hardy v Gullo,* 118 AD2d 541, 542, *lv denied* 69 NY2d 601). Thus, the fact that NiMo posted its property and never gave its permission for use did not deprive it of the grant of immunity provided by General Obligations Law § 9-103.

Order and judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.