[699 NYS2d 783]

KATHLEEN F. PERROTT, Individually and as Administrator of the Estate of MATTHEW J. PERROTT, Deceased, and as Parent and Natural Guardian of RYAN J. PERROTT and Another, Infants, Appellant, v CITY OF TROY, Respondent.

Third Department, December 16, 1999

APPEARANCES OF COUNSEL

*Robert D. Wilcox,* Troy, for appellant.

*Mark Mainello, Corporation Counsel* of City of Troy, for respondent.

## OPINION OF THE COURT

Spain, J.

On the evening of February 6, 1995, Matthew J. Perrott (hereinafter decedent) took his family snow sledding at Frear Park, a public park in the City of Troy, Rensselaer County, which is owned by defendant and which includes an 18-hole golf course, tennis courts, ballfields and playgrounds, all of which were closed for the winter. Defendant operated an indoor ice skating rink in the park near the golf course and owned a restaurant in the park which was operated by third parties at the time in question. Located in the area of the first tee on the golf course is a hill which was used by the public for sledding during the winter months. At approximately 6:50 P.M., at the same time that decedent started to slide down the hill aboard a snow tube, three snowmobiles entered the area in which he and others were sledding. Tragically, one of the snowmobiles struck decedent, inflicting fatal injuries.

Thereafter, plaintiff, decedent's wife, individually and as administrator of decedent's estate and also on behalf of their children, commenced this wrongful death action against defendant. As amplified in the bill of particulars, plaintiff alleged, *inter alia,* that defendant was negligent in failing to erect signs alerting snow sledders of the danger of snowmobiles in the park or to warn persons that snowmobiling was prohibited, and in failing to erect a barrier or fence that would have prevented snowmobile operators from entering the area where sledding took place.[1] Defendant answered and later moved for summary judgment dismissing the complaint, alleging, *inter alia,* that it was immune from liability pursuant to General Obligations Law § 9-103. Supreme Court granted the motion and dismissed the complaint. Plaintiff now appeals.

We affirm. General Obligations Law § 9-103 extends broad immunity from liability to private as well as government landowners against claims for ordinary negligence brought by members of the public who come on their property to engage in

---

1. Plaintiff commenced a separate action against the operator of the snowmobile which struck decedent, which resulted in a judgment against him in the amount of $1,240,000.

certain enumerated activities where the land is suitable for those activities (*see*, General Obligations Law § 9-103 [1] [a]; *see also*, *McCarthy v New York State Canal Corp.*, 244 AD2d 57, 60, *lv denied* 92 NY2d 815). It does not absolve the landowner for willfully or maliciously failing to warn or protect the public from an existing danger (*see*, General Obligations Law § 9-103 [2] [a]), or if permission to engage in the enumerated activities was granted for consideration (*see*, General Obligations Law § 9-103 [2] [b]). The statute specifically provides that such an owner "owes no duty to keep the premises safe for entry or use by others * * * or to give warning of any hazardous condition or use of * * * or activity on such premises to persons entering for such [enumerated] purposes", which enumerated activities include "tobogganing" and "sledding" (General Obligations Law § 9-103 [1] [a]). It is undisputed that the area where the accident occurred is suitable for winter snow sledding (*see*, *Stento v State of New York*, 245 AD2d 771, 772, *lv denied* 92 NY2d 802; *see also*, *Albright v Metz*, 88 NY2d 656). It is also uncontroverted that decedent was engaged in sledding, an enumerated activity, at the time of the accident and that defendant did not charge a fee to the public for use of this park land for that activity.

This statutory immunity is designed "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue [the enumerated] activities" (*Ferres v City of New Rochelle*, 68 NY2d 446, 451). The statute does not, however, afford immunity to a municipality which operates and maintains a *supervised* public park and recreational facility for the activities enumerated (*see*, *id.*, at 449; *Clark v State of New York*, 178 AD2d 908, 909). Whether the statutory immunity applies "depends not only on the character of the land itself, but also on the role of the landowner in relation to the public's use of the property, particularly in those cases involving a governmental landowner" (*Wilkins v State of New York*, 165 AD2d 514, 517; *see*, *Sena v Town of Greenfield*, 91 NY2d 611; *Clark v State of New York*, *supra*). Plaintiff maintains that the hill where decedent was injured was part of a supervised public park outside of the scope of General Obligations Law § 9-103 immunity (*see*, *e.g.*, *Sena v Town of Greenfield*, *supra*; *Ferres v City of New Rochelle*, *supra*) and that defendant had a duty, *inter alia*, to warn of the presence of snowmobiles on the golf course. We cannot agree.

Clearly, while defendant permits sledding at this park, it does not actively encourage that activity (*see*, *Clark v State of*

*New York, supra,* at 909; *cf., Sena v Town of Greenfield, supra,* at 616-617; *Ferres v City of New Rochelle, supra,* at 452, 454). Significantly, defendant did not perform special plowing or grading of the sledding area or provide monitors or employees assigned to supervise or regulate any sledding activities (*see, Stento v State of New York,* 245 AD2d 771, 772, *supra; Clark v State of New York, supra,* at 909; *cf., Sena v Town of Greenfield, supra,* at 616-617; *Ferres v City of New Rochelle, supra*). The record further reveals that, at this park, there was a "significant difference between the activities and services provided during the summer and those in the winter" (*Stento v State of New York, supra,* at 772). For example, other than the ice skating rink and the restaurant, all recreational areas including the golf course were closed for the winter.

Thus, it cannot be said that defendant operated, maintained or supervised sledding activities during the winter (*see, id.,* at 773). Notably, plaintiff did not submit any evidence in admissible form that defendant had prior notice of the illegal use of snowmobiles on this portion of the golf course so as to raise issues pertaining to defendant's failure to warn sledders about snowmobiles, failure to fence off the sledding area or failure to enforce the local ordinance prohibiting the use of snowmobiles. Hence, "[t]he failure to guard against a remote possibility of [an] accident is not negligence" (*White v Town of Ausable,* 161 AD2d 1060, 1062). Indeed, the record supports the conclusion that defendant did nothing which could be characterized as a "willful or malicious failure to guard, or to warn against, a dangerous condition, use * * * or activity" (General Obligations Law § 9-103 [2] [a]).

Although plaintiff contended that defendant plowed its parking lots specifically for the convenience of sledders, the testimony was to the contrary. Defendant's superintendent of recreational maintenance testified that parking lots were plowed in the winter months for the convenience of all users of the park including patrons of the ice skating rink and restaurant and, although sledders used these lots, sledders were neither encouraged nor discouraged from parking there.[2] Plaintiff also argues that the immunity and protection afforded to defendant pursuant to General Obligations Law § 9-103 are unnecessary in this case on the premise that defendant would not likely close the park during the winter even if the statu-

---

2. There is no evidence in the record that any fee was charged to park in any of the plowed parking lots.

tory protection were not provided. This contention is unavailing.

Failing to confer immunity here might well induce defendant and other municipalities to actively discourage or prohibit the general public from engaging in unsupervised, statutorily enumerated recreational activities such as sledding during the winter months, in direct contravention of the legislative purpose underlying General Obligations Law § 9-103 (*see, Ferres v City of New Rochelle*, 68 NY2d 446, *supra; see also, Sena v Town of Greenfield*, 91 NY2d 611, 615, *supra*). In our view, conferring immunity herein pursuant to this statute is consistent with the Legislature's purpose of providing the public with more places to enjoy snow sledding, an enumerated recreational activity (*see, id.; see also, McCarthy v New York State Canal Corp.*, 244 AD2d 57, 59, *supra*).

Accordingly, Supreme Court properly determined that where defendant did not maintain or supervise the specific portion of the park in question during the winter months for the recreational activity of sledding, General Obligations Law § 9-103 conferred immunity from liability upon defendant under the facts in this case.

We have considered plaintiff's remaining contentions and find them to be without merit.

CARDONA, P. J., PETERS, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, without costs.