■ JOSEPH WHITE, an Infant, by JOHN WHITE et al., His Parents and Guardians, et al., Appellants, v CITY OF TROY et al., Respondents. [735 NYS2d 648] —Crew III, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered December 19, 2000 in Rensselaer County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

Defendant Emma Willard School is a private residential and day school for girls located in the City of Troy, Rensselaer County, bordering on Kinloch Park, which is owned and

maintained by defendant City of Troy. The park is a small, unsupervised neighborhood park containing some playground equipment, a basketball court and an area for softball. Sometime in 1950, Emma Willard erected a fence along its border with Kinloch Park in order to prevent trespassers from coming onto its campus. The fence was well within Emma Willard's property, which left a portion of its property outside the fence line that the City occupied for park purposes.

Plaintiff Joseph White resides near Emma Willard and the park. On October 18, 1997, White rode his mountain bike across the Emma Willard campus to the chain link fence separating the campus from Kinloch Park and through an opening in the fence, which had been created by vandals, into Kinloch Park. As White passed through the fence line, his bike struck some fencing material lying on the ground near the hole in the fence. White was thrown from the bike, as the result of which he suffered a spinal cord injury rendering him a quadriplegic.

White and his parents thereafter commenced this action for the injury sustained. Following joinder of issue and discovery, the City and Emma Willard moved for summary judgment dismissing the complaint. Plaintiffs, in turn, cross-moved for an order striking defendants' defenses. Supreme Court denied plaintiffs' cross motion and granted defendants' motions finding, inter alia, that they were immune from liability pursuant to the provisions of General Obligations Law § 9-103. Plaintiffs now appeal and we affirm.

General Obligations Law § 9-103 provides that owners, lessees and occupiers of land are shielded from liability for injuries resulting from ordinary negligence when such injuries occur from use of the property for any of the 18 enumerated recreational activities, including bicycling. Here, the record makes clear that the subject property was well suited for the recreation in question and, further, that White was engaged in an enumerated recreational activity at the time of his accident, thereby shielding the owner (Emma Willard) and the occupant of the land (the City) from liability for the injury sustained (*see, e.g., Perrott v City of Troy*, 261 AD2d 29, 30-31), absent some circumstances excepting the statute's applicability.

In this regard, plaintiffs offer a two-prong argument as to why Supreme Court erred in finding that defendants were shielded from liability under General Obligations Law § 9-103. First, as to Emma Willard, plaintiffs assert that the school actively sought to prevent the general public from using its property for recreational purposes, thereby depriving it of the

protection otherwise afforded by the statute. We cannot agree. It is now well settled that General Obligations Law § 9-103 applies to landowners who open their land to recreationalists, as well as to those who attempt to prevent members of the public from using their lands (*see, Bragg v Genesee County Agric. Socy.,* 84 NY2d 544, 551). Accordingly, Emma Willard's efforts to discourage recreational use of its property do not afford plaintiffs a basis for relief.

As to the City, plaintiffs argue that Kinloch Park was a "supervised" park, thus taking the property outside the purview of General Obligations Law § 9-103. Again, we cannot agree. The uncontroverted record evidence establishes that Kinloch Park is a wholly unsupervised park and, as such, the City indeed is entitled to the protection afforded by the statute (*see, Stento v State of New York,* 245 AD2d 771, 773, *lv denied* 92 NY2d 802; *see also, Sega v State of New York,* 60 NY2d 183). We have considered plaintiffs' remaining contentions and find them to be equally without merit.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.