RICHARD E. COOGAN, SR., as Temporary Administrator of the Estate of ANTHONY M. COOGAN, Deceased, Appellant, v DANIEL A. D'ANGELO et al., Respondents, et al., Defendant. [886 NYS2d 306]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered October 14, 2008 in a wrongful death action. The order granted the motion of defendant Daniel A. D'Angelo for summary judgment and the cross motion of defendant Kyle Ball for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for the wrongful death of his son (decedent), who was fatally injured while riding his all-terrain vehicle (ATV) on property owned by defendant Daniel A. D'Angelo. Decedent and defendant Kyle Ball were operating their ATVs on a path located on D'Angelo's property when decedent struck a metal cable that was strung across the path.

Supreme Court properly granted the motion of D'Angelo seeking summary judgment dismissing the complaint and all cross claims against him on the ground that he is immune from liability for negligence based on the recreational use statute (General Obligations Law § 9-103). D'Angelo met his initial burden on the motion inasmuch as it is undisputed that decedent was engaged in one of the activities enumerated in that statute at the time of the accident (see § 9-103 [1] [a]), and D'Angelo established that his property was suitable for use by recreational motor vehicles (see Blair v Newstead Snowseekers, 2 AD3d 1286,

1288-1289 [2003], *lv denied* 2 NY3d 704 [2004]; *see also Morales v Coram Materials Corp.*, 51 AD3d 86, 90 [2008]). Plaintiff failed to raise a triable issue of fact with respect to the applicability of the statute to defeat the motion. We reject his contention that D'Angelo is not entitled to the protection of the statute because its purpose is to encourage property owners to open their land to the public for recreational purposes, and D'Angelo sought to deny access to his property. "It is now well settled that General Obligations Law § 9-103 applies to landowners who open their land to recreationalists, as well as to those who attempt to prevent members of the public from using their lands" (*White v City of Troy*, 290 AD2d 605, 607 [2002], *lv denied* 98 NY2d 602 [2002]; *see Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551 [1994]). Thus, the fact that D'Angelo posted his property with no trespassing signs or erected a physical barrier to prevent access to his land does not deprive him of the protection of the statute (*see Hardy v Gullo*, 118 AD2d 541, 542 [1986], *lv denied* 69 NY2d 601 [1986]; *see also White*, 290 AD2d at 607). Further, we note that plaintiff did not contend in opposition to the motion that D'Angelo willfully or maliciously failed "to guard, or to warn against, a dangerous condition," i.e., the existence of the cable (General Obligations Law § 9-103 [2] [a]), and therefore did not attempt to raise an issue of fact with respect to the applicability of that statutory exception (*see generally Morales*, 51 AD3d at 90-91).

The court also properly granted the cross motion of Ball for summary judgment dismissing the complaint and all cross claims against him on the ground that he had no duty to warn decedent of the existence of the cable. Plaintiff contends that the deposition testimony of Ball concerning the facts and circumstances of decedent's accident is inadmissible under the Dead Man's Statute (CPLR 4519) and thus may not be considered in support of Ball's cross motion (*see Phillips v Kantor & Co.*, 31 NY2d 307, 313 [1972]; *Walsh v Town of Cheektowaga*, 237 AD2d 947, 948 [1997], *lv dismissed* 90 NY2d 889 [1997]). Even assuming, arguendo, that plaintiff is correct, we conclude that Ball nonetheless met his initial burden by establishing as a matter of law that he owed no duty of care to decedent (*see generally Ostrowski v Baldi*, 61 AD3d 1403 [2009], *lv denied* 13 NY3d 701 [2009]). Specifically, Ball established that he did not own the property where the accident occurred (*see id.*), and that he neither created nor contributed to the allegedly dangerous condition on the property, which is adjacent to property occupied by Ball and owned by his parents (*see Haymon v Pettit*, 9 NY3d 324, 328 [2007], *rearg denied* 10 NY3d 745 [2008]; *see also Cleary v Harris Hill Golf Ctr., Inc.*, 23 AD3d 1142 [2005]).

In opposition to the cross motion, plaintiff failed to raise a triable issue of fact whether Ball voluntarily assumed a duty to decedent at the time of the accident (*see generally Heard v City of New York*, 82 NY2d 66, 72-73 [1993], *rearg denied* 82 NY2d 889 [1993]). The suggestion by Ball to decedent that they ride their ATVs beyond the confines of the property owned by Ball's parents and the fact that Ball led decedent to D'Angelo's property, knowing that there was a path there that was sometimes blocked by a cable, is insufficient as a matter of law to establish that Ball voluntarily assumed a duty to warn decedent of dangerous conditions on D'Angelo's property. The cases upon which plaintiff relies are distinguishable inasmuch as, here, plaintiff fails even to allege that Ball directed or otherwise instructed decedent to proceed down the path where the accident occurred (*cf. Gauthier v Super Hair*, 306 AD2d 850 [2003]; *Thrane v Haney*, 264 AD2d 926 [1999]; *Cohen v Heritage Motor Tours*, 205 AD2d 105 [1994]).

Finally, plaintiff's reliance on the *Noseworthy* doctrine in opposition to the cross motion is misplaced. Pursuant to that doctrine, a plaintiff in a wrongful death action "is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence" (*Noseworthy v City of New York*, 298 NY 76, 80 [1948]). "[T]hat doctrine may not be invoked unless plaintiff first makes a showing of facts from which negligence may be inferred" (*Barile v Carroll*, 280 AD2d 988, 988 [2001]), and here plaintiff failed to make that showing with respect to Ball. Present—Martoche, J.P., Centra, Fahey, Peradotto and Green, JJ.