■ CHRISTOPHER McKOWN, Appellant, v TOWN OF WATER-FORD, Respondent. [941 NYS2d 783]—

McCarthy, J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 12, 2011 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was operating an all-terrain vehicle (hereinafter ATV) in a public park owned and maintained by defendant. The park consists of a pond, a grassy area surrounding the pond and public parking lots. Plaintiff drove his ATV into an open drainage ditch in the park, causing the ATV to overturn. He commenced this action alleging that defendant negligently maintained the park by failing to guard the ditch, mark it or light it, thereby causing his injuries. Defendant moved for summary judgment dismissing the complaint on the ground that defendant is shielded from liability by the recreational use statute (see General Obligations Law § 9-103). Supreme Court granted the motion, prompting plaintiff's appeal.

General Obligations Law § 9-103 shields defendant from liability for plaintiff's injuries. Pursuant to that statute, owners, lessees and occupants of land have no duty to keep the premises safe for, or give warnings of hazardous conditions to, others who use the land for any of several enumerated recreational activities as long as no fee is charged for the activity and the owner, lessee or occupant did not willfully or maliciously fail to warn of a dangerous condition (see General Obligations Law § 9-103).[1] The parties do not dispute that operating an ATV for recreational purposes falls within one of the statute's enumerated activities. When determining the statute's applicability to a government landowner, a court must consider the character of the land and "the role of the landowner in relation to the public's use of the property" (Wilkins v State of New York, 165

1. The exceptions do not apply because defendant did not charge a fee for using the park and plaintiff has not alleged a willful or malicious failure to warn.

AD2d 514, 517 [1991]; *see Keppler v Town of Schroon*, 267 AD2d 745, 746-747 [1999]). The Court of Appeals has held that the statute is inapplicable as a defense to a claim that a municipality breached its duty if the claim relates to the operation of a supervised public park and recreation facility (*see Ferres v City of New Rochelle*, 68 NY2d 446, 449 [1986]).

Here, defendant did not regularly operate or supervise recreational activities on the property. Defendant annually hosted two events in the park, a summer fishing derby and winter carnival.[2] The winter carnival included hay rides, horse-drawn carriage rides and other activities. Defendant allows all members of the public to use the park throughout the year. Defendant's highway superintendent averred that it was "utilized by members of the public for general recreation activities." As for regular involvement in the park, defendant merely mowed the grass in the summer, plowed snow from the parking lots in the winter and removed trash. Under these circumstances, Supreme Court correctly held that defendant did not operate a supervised public park (*see White v City of Troy*, 290 AD2d 605, 606 [2002], *lv denied* 98 NY2d 602 [2002]; *Perrott v City of Troy*, 261 AD2d 29, 30-32 [1999]; *compare Ferres v City of New Rochelle*, 68 NY2d at 449). Hence, the statute was available as a defense because defendant was not operating a supervised park.

General Obligations Law § 9-103 only immunizes landowners from liability where a plaintiff is engaged in one of the enumerated recreational activities on land suitable for that activity (*see Albright v Metz*, 88 NY2d 656, 662 [1996]; *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551-552 [1994]). Courts decide as a matter of law whether a parcel of land is suitable for a particular recreational purpose (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 552). Suitability "requires a determination of whether the land is physically conducive to the particular activity and is also a type which would be appropriate for public use in pursuing the activity as recreation" (*Bryant v Smith*, 278 AD2d 576, 576 [2000] [internal quotation marks and citations omitted]). The park here has a grassy area, ranging from 10 to 70 feet wide, surrounding the pond. Although prior use of the land for the same type of recreational activity is a factor in determining suitability (*see Albright v Metz*, 88 NY2d at 662), that factor is unhelpful here. The record contains no evidence that anyone previously rode ATVs in the park, but defendant posted signs containing certain rules for the park, including prohibition of vehicles. The absence of past ATV use

---

**2.** Defendant apparently did not begin hosting the fishing derby until a few years after plaintiff's accident.

in the park may, thus, be attributed to defendant's rules and the presence of the signs rather than any unsuitability of the land. The hay rides and horse-drawn carriage rides during the winter carnival are somewhat similar to operating other vehicles, and can be considered when determining the land's suitability. The park was unimproved land that contained large, open grassy areas that were used by "the public for general recreation activities." This type of terrain seems physically conducive and appropriate for riding ATVs (*see Reid v Kawasaki Motors Corp., U.S.A.*, 189 AD2d 954, 955-956 [1993]), even if defendant would prefer that the property not be used for that purpose. Accordingly, as General Obligations Law § 9-103 is available and applicable to insulate defendant from liability for plaintiff's injuries, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint (*see Bragg v Genesee County Agric. Socy.*, 84 NY2d at 552; *Perrott v City of Troy*, 261 AD2d at 33).

Mercure, A.P.J, Lahtinen, Spain and Stein, JJ., concur. Ordered that the order is affirmed, without costs. **[Prior Case History: 31 Misc 3d 1207(A), 2011 NY Slip Op 50524(U).]**