ing any further motions, actions, or proceedings without prior written approval from the court, were not an improvident exercise of discretion under the circumstances (*see* 22 NYCRR 130-1.1; *Matter of Barash v Northern Trust Corp.*, 54 AD3d 407 [2008]). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.

■ ANTONIO SILVA, Plaintiff, v FC BEEKMAN ASSOCIATES, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. GOTHAM SAFETY SERVICE CORP., Third-Party Defendant-Respondent. [3 NYS3d 615]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered April 29, 2013, as denied their cross motion for summary judgment on the issue of liability on their cause of action for common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

Unless a trial court specifies otherwise, a party has 120 days after the filing of a note of issue to move for summary judgment, after which it may do so only with leave of court on good cause shown (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Carrasco v Weissman*, 120 AD3d 534, 536 [2014]; *Demacopoulos v City of New York*, 73 AD3d 842 [2010]). Here, the court set an earlier deadline. The appellants failed to establish good cause for not timely serving the papers in connection with their cross motion for summary judgment on the issue of liability on their third-party cause of action for common-law indemnification within the time limit set by the court (*see Brill v City of New York*, 2 NY3d at 652; *Demacopoulos v City of New York*, 73 AD3d at 842; *Carrasco v Weissman*, 120 AD3d at 536). Accordingly, the Supreme Court properly denied their cross motion as untimely.

In light of our determination, we do not consider the appellants' remaining contention. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.

■ BARBARA L. VANNATTA, Appellant, v VILLAGE OF OTISVILLE, Respondent. [7 NYS3d 179]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated September 16, 2013, which granted

the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 16, 2011, the plaintiff walked with her son to a hill in the defendant's park where people were sledding. The hill was in an area of the park that was not maintained by the defendant, but left by the defendant in its natural state. The hill had been used for sledding for approximately 50 years. The plaintiff allegedly sustained personal injuries as she was standing at the bottom of the hill, when she was hit by someone coming down the hill.

The plaintiff commenced this action against the defendant, alleging that it "failed to install and maintain proper signage or to employ personnel to prevent [or] safely restrict access to and use of the park and hill or to warn users, including pedestrians such as the Plaintiff, of dangers to such pedestrian users inherent in or incident to the use of the park and hill by others who may be using the park and hill for sleigh riding or similar recreational activities."

The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it was entitled to immunity pursuant General Obligations Law § 9-103. The Supreme Court granted the motion, determining that the defendant's alleged negligence was not a proximate cause of the accident. We affirm for reasons different from those cited by the Supreme Court.

The defendant established as a matter of law that it was immune from liability pursuant to General Obligations Law § 9-103, which applies "to private as well as government landowners against claims for ordinary negligence brought by members of the public who come on their property to engage in certain enumerated activities where the land is suitable for those activities" (*Perrott v City of Troy*, 261 AD2d 29, 30-31 [1999]; *see O'Neill v Town of Dover*, 100 AD3d 845 [2012]; *McCarthy v New York State Canal Corp.*, 244 AD2d 57 [1998]; *Gruber v Fairport Cent. School Dist.*, 147 Misc 2d 545 [1990], *affd* 174 AD2d 1021 [1991]), including undeveloped areas of public parks (*see Myers v State of New York*, 11 AD3d 1020, 1021 [2004]). This statute also applies to a person who is injured when other individuals engaged in an enumerated recreational activity collide with the injured plaintiff (*see Perrott v City of Troy*, 261 AD2d at 30). In opposition, the plaintiff failed to raise a triable issue of fact (*see Sena v Town of Greenfield*, 91 NY2d 611, 615-616 [1998]).

Accordingly, the defendant's motion for summary judgment

was properly granted. Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.