Kelsey v Lenore R. (2022 NY Slip Op 07270)

Kelsey v Lenore R.

2022 NY Slip Op 07270

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

533282
[*1]Michael N. Kelsey, Appellant,
v
Lenore R., Respondent.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Michael N. Kelsey, Salt Point, appellant pro se.
Law Office of Bruce W. Slane, PC, White Plains (Jeremy D. Barberi of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Richard M. Koweek, J.), entered March 9, 2021 in Columbia County, which, among other things, granted defendant's motion to dismiss the complaint.
Plaintiff commenced this action in Oneida County raising various fraud-based allegations against defendant. Defendant moved, in a pre-answer motion, to dismiss the complaint for failure to state a cause of action, among other grounds. While the motion was pending, Supreme Court (Clark, J.), transferred the action from Oneida County to Columbia County. Supreme Court (Koweek, J.) granted defendant's motion and dismissed the complaint. The court also sanctioned plaintiff in the amount of $3,000. Plaintiff appeals.
Turning first to plaintiff's procedural arguments, plaintiff contends that Supreme Court lacked jurisdiction to decide defendant's motion because the action was erroneously transferred from Oneida County to Columbia County. The order transferring the action, however, is not in the record, and there is no indication that plaintiff took any further action with respect to that order. Moreover, even if Columbia County was the improper venue, such fact did not deprive the court of its jurisdiction (see Kurfis v Shore Towers Condominium, 48 AD3d 300, 300 [1st Dept 2008]). Plaintiff also contends that the court erred in denying his request to convert defendant's pre-answer motion to dismiss to a summary judgment motion. A court "may treat" a motion under CPLR 3211 (a) as a summary judgment motion after giving notice to the parties (CPLR 3211 [c]).[FN1] This is a discretionary determination, and the court here did not abuse its discretion in declining plaintiff's request (see Siddiqui v Nationwide Mut. Ins. Co., 255 AD2d 30, 34 [3d Dept 1999]).
Regarding the merits, "[t]o establish a cause of action for fraud, plaintiff must demonstrate that defendant[] knowingly misrepresented a material fact upon which plaintiff justifiably relied and which caused plaintiff to sustain damages" (Klafehn v Morrison, 75 AD3d 808, 810 [3d Dept 2010]; see McGovern v Best Bldg. & Remodeling, 245 AD2d 925, 926 [3d Dept 1997]). A fraud claim may also stem from "acts of concealment where the defendant had a duty to disclose material information" (Kaufman v Cohen, 307 AD2d 113, 119-120 [1st Dept 2003]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179 [2011]). That said, when presented with a motion to dismiss for failure to state a cause of action, "the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Furthermore, a fraud claim requires that "the circumstances constituting the wrong . . . be stated in detail" (CPLR 3016 [b]; see Rotterdam Ventures v Ernst & Young, 300 AD2d 963, 964 [3d Dept 2002]; Briand Parenteau Assoc. v HMC Assoc., 225 AD2d 874, 876 [3d Dept 1996]).
The gist of plaintiff's complaint [*2]was that, during a phone call between plaintiff and defendant, plaintiff admitted to certain conduct, which ultimately led to his arrest and conviction of multiple crimes, and that defendant concealed from plaintiff that such call was a controlled call involving State Police and was being recorded and monitored. Accepting the allegations in the complaint as true, they did not satisfy the threshold imposed by CPLR 3016 (b). In the absence of specific allegations of specific material misrepresentations by defendant, any justifiable reliance thereon or that defendant had a duty to disclose to plaintiff that the State Police was monitoring the call, the complaint was correctly dismissed (see Greg Beeche, Logistics, LLC v Cross Country Constr., LLC, ___ AD3d ___, ___, 2022 NY Slip Op 06203, *4 [3d Dept 2022]; He v Apple, Inc., 189 AD3d 1984, 1985 [3d Dept 2020]; Ressis v Herman, 122 AD2d 516, 517 [3d Dept 1986] lv dismissed 69 NY2d 1017 [1987]).
Finally, in challenging that part of Supreme Court's order imposing sanctions upon him, plaintiff raises perceived constitutional infirmities as to CPLR 8303-a. These constitutional challenges, however, are improperly raised for the first time on appeal (see Nationstar Mtge. LLC v Adee, 172 AD3d 1693, 1695 [3d Dept 2019]). Plaintiff's remaining contentions have been considered and are without merit.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Although plaintiff served a "notice" stating that defendant's motion was being converted to a summary judgment motion, such unilateral action does not satisfy the notice requirements of CPLR 3211 (c) (see Mihlovan v Grozavu, 72 NY2d 506, 508 n [1988]).