Fleming v Jenna's Forest Homeowners' Assn., Inc. (2024 NY Slip Op 03216)

Fleming v Jenna's Forest Homeowners' Assn., Inc.

2024 NY Slip Op 03216

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0710 CV-23-1182
[*1]Daniel Fleming et al., Appellants,
v
Jenna's Forest Homeowners' Association, Inc., et al., Respondents.

Calendar Date:April 24, 2024

Before:Egan Jr., J.P., Aarons, Lynch, Reynolds Fitzgerald and Powers, JJ.

Carusone & Carusone, Saratoga Springs (John J. Carusone Jr. of counsel), for appellants.
Kenney Shelton Liptak Nowak LLP, Jamesville (Daniel K. Cartwright of counsel), for Jenna's Forest Homeowners' Association, Inc., respondent.
Law Offices of John J. Bello, Jr., New York City (Paul A. Hurley of counsel), for Luther Forest Technology Campus Economic Development Corporation, respondent.

Powers, J.
Appeals (1) from an order of the Supreme Court (Richard A. Kupferman, J.), entered March 21, 2023 in Saratoga County, which, among other things, granted a motion by defendant Jenna's Forest Homeowners' Association, Inc. to dismiss the complaint against it, and (2) from an order of said court, entered June 12, 2023 in Saratoga County, which, among other things, granted a motion by defendant Luther Forest Technology Campus Economic Development Corporation to dismiss the complaint against it.
On August 25, 2019, plaintiff Daniel Fleming was riding his mountain bike on trails that spanned properties owned by defendants in the Town of Malta, Saratoga County, when he fell from a small wooden bridge that spanned a streambed. As a result of this accident, Fleming sustained a neck fracture and is now partially paralyzed. Fleming and his wife, derivatively, commenced this action in August 2022 alleging that defendants were negligent, in relevant part, for their failure to maintain the bridge and failure to warn of the dangerous condition presented by the bridge and/or trail. Following joinder of issue, defendant Jenna's Forest Homeowners' Association, Inc. (hereinafter Jenna's Forest) moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7), arguing that plaintiffs had failed to state a claim because General Obligations Law § 9-103 barred plaintiffs' claims. In response, plaintiffs cross-moved to amend their complaint to allege an additional cause of action asserting that defendants' construction and failure to maintain the bridge had created a dangerous condition, and that, in failing to maintain the bridge, defendants' actions had been "willful and malicious." Supreme Court issued a bench decision after oral argument granting Jenna's Forest's motion to dismiss and denying plaintiffs' cross-motion to amend the complaint, which was subsequently entered by way of a written order in March 2023. In light of the bench decision, defendant Luther Forest Technology Campus Economic Development Corporation (hereinafter Luther Forest) similarly moved to dismiss the complaint on the same basis as Jenna's Forest, and plaintiffs once again cross-moved to amend. The court granted Luther Forest's motion to dismiss and denied plaintiffs' cross-motion to amend in a June 2023 order. Plaintiffs appeal both the March 2023 order relevant to Jenna's Forest and the June 2023 order relevant to Luther Forest.
Initially, contrary to plaintiffs' assertion, Supreme Court did not improperly convert defendants' respective motions into ones for summary judgment seeking dismissal of the complaint (see generally CPLR 3211 [c]; Kelsey v Lenore R., 211 AD3d 1361, 1362 [3d Dept 2022], appeal dismissed 39 NY3d 1091 [2023]). While the motions were made after answer, there is no requirement that a motion to dismiss for failure to state a claim be made before joinder of issue and such motion "may be made at any subsequent time or in a later pleading, if one is permitted" (CPLR 3211[*2][e]). The court's consideration of the facts as presented does not indicate that it had considered the motions as ones for summary judgment as plaintiffs assert. Rather, the court considered whether the facts alleged fit within any cognizable legal theory, as it was required to do. "On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiff[s] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Brown v University of Rochester, 224 AD3d 1180, 1181 [3d Dept 2024] [internal quotation marks and citations omitted]; see Pierce v Archer Daniels Midland, Co., 221 AD3d 1382, 1383 [3d Dept 2023]).
"General Obligations Law § 9-103, the recreational use statute, grants immunity for ordinary negligence to landowners who permit members of the public to enter their property to engage in certain recreational activities, including [bicycle riding]" (McCleary v City of Glens Falls, 32 AD3d 605, 607 [3d Dept 2006]; see General Obligations Law § 9-103 [1] [a]; Bragg v Genesee County Agric. Socy., 84 NY2d 544, 550 [1994]). However, this limitation to liability does not extend to the "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]). "[T]he sole purpose of General Obligations Law § 9-103 is . . . to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities" (Ferres v City of New Rochelle, 68 NY2d 446, 451 [1986]). Thus, the exception provided by General Obligations Law § 9-103 (2) (a) must be strictly construed "so as not to defeat the statute's broad purpose" (Ferland v GMO Renewable Resources LLC, 105 AD3d 1158, 1160 [3d Dept 2013]; see Farnham v Kittinger, 83 NY2d 520, 529 [1994]).
We find that Supreme Court abused its discretion in denying plaintiffs' cross-motions seeking leave to amend the complaint to assert an additional cause of action against defendants. "[L]eave to amend a pleading shall be freely granted in the absence of prejudice or surprise resulting directly from the delay in seeking leave unless the proposed amendment is palpably insufficient or patently devoid of merit" (Petry v Gillon, 199 AD3d 1277, 1280 [3d Dept 2021] [internal quotation marks, ellipsis and citations omitted]; see Favourite Ltd. v Cico, ___ NY3d ___, ___, 2024 NY Slip Op 01496, *2 [2024]; Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d 1151, 1152 [3d Dept 2022]). Plaintiffs sought to add a cause of action alleging that defendants had constructed and maintained the bridge in a manner that created a dangerous condition, and that, by failing to maintain the bridge and failing to warn of the dangerous condition, defendants' actions had been willful [*3]and malicious. As indicated above, the limitation of liability provided by General Obligations Law § 9-103 does not extend to the failure to warn of a dangerous condition if that failure was "willful or malicious" (General Obligations Law § 9-103 [2] [a]). Accepting the facts alleged in the amended complaint as true and affording plaintiffs the benefit of every favorable inference, as we must at this stage of the action, the facts as alleged do fit within a cognizable legal theory (cf. Michalovic v Genesee-Monroe Racing Assn., 79 AD2d 82, 86 [4th Dept 1981]). Thus, we cannot say that the complaint as amended is palpably insufficient or patently devoid of merit. Moreover, the amendment does not result in prejudice or surprise to defendants because the cross-motions were made in response to defendants' respective motions to dismiss, which had raised General Obligations Law § 9-103 and are based upon facts formerly pleaded and already known to defendants (cf. Hummel v Vicaretti, 152 AD2d 779, 781 [3d Dept 1989], lv dismissed 75 NY2d 809 [1990]). Accordingly, Supreme Court abused its discretion in denying plaintiffs' cross-motions to amend the complaint (see Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d at 1152-1153; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 167 AD3d 1305, 1308 [3d Dept 2018]; compare Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1212 [3d Dept 2021]).[FN1]
Turning to defendants' motions to dismiss, the first cause of action alleged that defendants were negligent in failing to properly maintain the bridge from which Fleming had fallen, and that his injuries "were due to [defendant's] negligence." Plaintiffs alleged that at the time of the accident, Fleming was mountain biking on trails onto which the public was invited for the purpose of bicycle riding. Plaintiffs' submissions in opposition to defendants' motions further establish these facts, as Fleming avowed that he was riding a mountain bike on trails that were publicized to be suitable for such activity by the Town of Malta. Because the first cause of action alleged only ordinary negligence, defendants were entitled to the immunity afforded by General Obligations Law § 9-103 if they could establish that Fleming was "engaged in one of the enumerated recreational activities on land suitable for that activity" (McKown v Town of Waterford, 94 AD3d 1182, 1183 [3d Dept 2012]). As the complaint and plaintiffs' submissions established that Fleming was engaged in a covered activity on land suitable for such activity, defendants established their entitlement to immunity pursuant to General Obligations Law § 9-103 (1) (a). Thus, Supreme Court properly granted defendants' motions to dismiss as related to the first cause of action alleging negligence (see Wheeler v Gibbons, 196 AD3d 1083, 1085-1086 [4th Dept 2021]; compare Delaney v Syracuse Univ., 224 AD3d 1390, 1391 [4th Dept 2024]; see generally McKown v Town of Waterford, 94 AD3d at 1184; White v [*4]City of Troy, 290 AD2d 605, 606-607 [3d Dept 2002], lv denied 98 NY2d 602 [2002]). Accordingly, the amended complaint should not include that cause of action.
Finally, as the amended complaint alleges that defendant had willfully and maliciously failed to warn of the dangerous condition of the bridge, a claim which — if true — would survive a defense under General Obligations Law § 9-103 (2) (a), the derivative claim can now stand with this claim (compare Gulledge v Jefferson County, 172 AD3d 1666, 1667 [3d Dept 2019]).
Egan Jr., J.P., Aarons and Reynolds Fitzgerald, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. General Obligations Law § 9-103 (1) (a) provides that "an owner . . . of premises . . . owes no duty to keep the premises safe for entry or use by others for [specified recreational activities, including bicycle riding] or to give warning of any hazardous condition or use of a structure or activity on such premises to persons entering for such purposes." As the majority recognizes, the statute shields owners from claims of ordinary negligence, requiring dismissal of plaintiffs' negligence cause of action.
The statute does not limit an owner's liability "for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]). "Thus, while generally no duty to warn obtains, there is no automatic immunity from liability upon a showing of 'willful or malicious' failure to warn" (Farnham v Kittinger, 83 NY2d 520, 529 [1994]). The statute imposes "a high-threshold demonstration by the injured party to show willful intent by the alleged wrongdoer" (id.). Stated differently, the statutory exception "requires a graver act than mere negligence before liability may be imposed" (Sega v State of New York, 60 NY2d 183, 192-193 [1983]).
In the proposed amended complaint, plaintiffs sought to add a second cause of action asserting that "[t]he actions of the defendants, in failing to maintain the bridge . . . and in failing to warn against the dangerous condition . . . were willful and malicious." The dangerous condition in the bridge was described as "a broken or missing slat."
Absent prejudice or surprise to the opposing party, a motion to amend a pleading should be readily granted "unless the proposed amendment is palpably insufficient or patently devoid of merit" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017] [internal quotation marks and citation omitted]; see Favourite Ltd. v Cico, ___ NY3d ___, 2024 NY Slip Op 01496, *4 [2024]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). As to the "unless" qualifier, the operative question is "whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The proposed claim is bereft of any factual predicate to support the contention that defendants' actions were "willful or malicious," and is entirely [*5]speculative. Given the heightened standard plaintiffs must meet, the generic allegation of "willful and malicious" conduct does not suffice to state a viable claim. Since there are no factual allegations supporting any malice or willful intent on defendants' part, Supreme Court did not abuse its discretion in denying plaintiffs' motions to amend the complaint (see Bragg v Genesee Agric. Socy., 84 NY2d 544, 552-553 [1994]; Sega v State of New York, 60 NY2d at 192-193; Rodriguez v City of New York, 161 AD3d 682, 683 [1st Dept 2018]; McCleary v City of Glens Falls, 32 AD3d 605, 607-608 [3d Dept 2006]; Scuderi v Niagara Mohawk Power Corp., 243 AD2d 1049, 1050 [3d Dept 1997]; Hillman v Penn Cent. Corp., 204 AD2d 902, 902-904 [3d Dept 1994]). The orders should be affirmed.
ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' cross-motions for leave to serve an amended complaint to the extent set forth herein; said cross-motions granted to that extent and plaintiffs are directed to serve the amended complaint within 20 days of the date of this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: As noted by the dissent, there is a "heightened standard" applicable to the exception provided in General Obligations Law § 9-103 (2) (a). However, this requires "a high-threshold demonstration by the injured party to show willful intent by the alleged wrongdoer" (Farnham v Kittinger, 83 NY2d at 529 [emphasis added]; accord Twomey v Rosenthal, 52 AD3d 693, 695 [2d Dept 2008]), not a heightened pleading requirement as the dissent has concluded (compare CPLR 3015, 3016). Thus, plaintiffs were required to plead facts with "sufficient[ ] particular[ity] to give the court and [defendants] notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013; see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 31 NY3d 1090, 1091 [2018]; Archer-Vail v LHV Precast Inc., 168 AD3d 1257, 1258 [3d Dept 2019]) — a liberal pleading standard that plaintiffs satisfied (see CPLR 3026).